UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SHOREWOOD FOREST UTILITIES INC.,   )
   )
         Plaintiff,   )
   )
      vs.   )  CAUSE NO. 2:19-CV-241-PPS-JEM
   )
McMAHON ASSOCIATES INC.,   )
McMAHON INC., and MIDWEST   )
CONTRACT OPERATIONS, INC.,   )
   )
         Defendant.   )

## OPINION AND ORDER

This case involves Plaintiff, Shorewood Forest Utilities Inc., an Indiana not-for-profit corporation that provides sewage services to the subdivision of Shorewood Forest. Shorewood Forest is located in Porter County, Valparaiso, and it operates a semi-public waste-water treatment plant ("WWTP"). The three defendants, McMahon Associates, Inc., McMahon, Inc., and Midwest Contract Operations, Inc., provided engineering and consultation services to the subdivision regarding replacing several aeration basins or tanks in the plant that were beyond their useful service life, and as to whether Shorewood Forest could expand and have the capacity to have new homes use its WWTP. This litigation arose after the suburb realized it could not accommodate additional homes, supposedly in contrast to the advice of Defendants.

There are two motions to dismiss before me: (1) Midwest Contract Operations, Inc., filed a motion to dismiss for failure to state a claim or in the alternative for a more definite statement [DE 57]; and (2) McMahon Associates, Inc. and McMahon, Inc. filed a

motion to dismiss Counts III-V [DE 59].   Because I find that Midwest Contract

Operations, Inc.'s motion for a more definite statement makes the most sense in this

situation, where the Plaintiff needs to clarify multiple things in the complaint, that

motion will be granted.

## Background

This case was originally filed by Plaintiff, Shorewood Forest Utilities, Inc.

("SFU") against two defendants: McMahon Associates, Inc. and McMahon, Inc. in state

court, and was removed to my court in July 2019. [DE 5, 1.]   Defendants McMahon

Associates, Inc. and McMahon, Inc. filed a motion to dismiss arguing, among other

things, that SFU was first required to exhaust its administrative remedies before filing

suit.  [DE 11.] I held a telephonic hearing on this matter on January 9, 2020. [DE 34.] At

that hearing, I asked the parties to first participate in a settlement conference and

second, if the case did not settle, to file an amended complaint addressing certain

deficiencies I highlighted during the telephonic hearing.  The parties participated in a

settlement conference in front of Magistrate Judge John E. Martin on February 4, 2020,

but no settlement was reached. [DE 38.]

Thereafter, SFU filed a first amended complaint. [DE 40.] Among other things,

the amended complaint added Midwest Contract Operations, Inc. ("MCO") as an

additional named defendant in the case.  As alleged in the amended complaint, MCO is

a foreign for-profit corporation and is a separate legal entity from the other two

defendants. [Am. Compl., DE 40, at ¶¶ 6-7.]  The first amended complaint alleges five

causes of action for: breach of contract, negligence, fraudulent misrepresentation,

breach of fiduciary duty, and deception under Indiana Code 35-43-5-3.

MCO has filed a motion to dismiss, arguing the complaint should be dismissed

against it entirely pursuant to Rule 12(b)(6) because each of the five causes of action and

the prayers for relief are against "Defendants, McMahon Associates, Inc. and McMahon,

Inc." with no mention of defendant MCO. [DE 58 at 2.] Alternatively, MCO asks that

SFU be required to provide a more definite statement under Rule 12(e) with regard to

the claims it is pleading against MCO in the amended complaint.  [*Id.* at 4.]

Defendants, McMahon Associates, Inc. and McMahon, Inc., have also filed a

motion to dismiss. [DE 59.] They move pursuant to Rule 12(b)(6) and in conjunction

with Rule 9(b) to dismiss the counts for fraudulent misrepresentation, breach of

fiduciary duty, and deception under Indiana Code 35-43-5-3.

## Discussion

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While I

must accept all factual allegations as true and draw all reasonable inferences in the

complainant's favor, I don't need to accept threadbare legal conclusions supported by

purely conclusory statements.  *See Iqbal*, 556 U.S. at 678.  SFU must allege "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Finally, "[a] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests the sufficiency of the complaint, not the merits of the case.'" *Tarzian v. Kraft Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *2 (N.D. Ill. Oct. 9, 2019) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012)).

Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. However, fraud and constructive fraud claims are subject to the heightened Rule 9(b) pleading standards. *Cincinnati Life Ins. Co. v. Grottenhuis*, No. 2:10-cv-00205-LJM-WGH, 2011 WL 1107114, at *8 (S.D. Ind. Mar. 23, 2011) (it is "undisputed that the constructive and actual fraud claims are subject to heightened Rule 9(b) pleading standards.").

Rule 12(e) allows a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement should be granted "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee's note. In considering whether to grant a Rule 12(e) motion for a more definite statement, a court's inquiry is guided by the federal pleading requirements.

Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only

contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Due to the liberal notice-pleading standard and the

availability of discovery, "Rule 12(e) motions are generally disfavored" and should be

granted "only when the pleading is so unintelligible that the movant cannot draft a

responsive pleading." *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors,*

*Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987).

There are reasons that we require a short and plain statement of relief under Rule

8, and a heightened pleading standard for fraud. A short and plain statement gives a

party notice of the claims against it, and enough information for it to file an answer.

The heightened 9(b) pleading for fraud, "ordinarily requir[ing] describing the who,

what, when, where, and how of the fraud," *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615

(7th Cir. 2011), has the purpose of "forc[ing] the plaintiff to do more than the usual

investigation before filing [its] complaint." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d

467, 469 (7th Cir. 1999).

To be frank, the first amended complaint in this case is a mess. Defendant MCO

argues it can't even tell which causes of action are alleged against it, and I can see why.

Each of the five causes of action states that the particular claim is pleaded against

"Defendants, McMahon Associates, Inc. and McMahon, Inc." with no mention of

Defendant MCO and each of the five causes of action prays for relief against

"Defendants, McMahon Associate, Inc. and McMahon, Inc." with no mention of

5

Defendant MCO. [DE 40 ¶¶ 56, 91, 100, 124, pp. 3, 24, 25, 32, 35, 39.] In response to the motion to dismiss or a more definite statement, SFU points out that paragraph 8 of the amended complaint states: "McMahon Associates, Inc., McMahon, Inc., and Midwest Contract Operations, Inc. shall hereinafter be referred to collectively as 'Defendants' or 'McMahon.'" [*Id.* ¶ 8.]   But as MCO points out, this doesn't really help - because SFU doesn't use the collective term of "Defendants" or "McMahon," instead, Counts I through V state that the claims pleaded and relief sought are against "Defendants, McMahon and McMahon Associates."  Specifically naming the McMahon defendants and excluding reference to MCO in these counts would appear to indicate that Plaintiff's intent was to not include MCO in these claims, but then, of course, there would be no claims against MCO.  I agree with MCO's argument that throwing MCO, an admitted separate corporate entity, into a collective mix with McMahon, Inc. and McMahon Associates, Inc. "is not a cure, but, rather, is the problem." [DE 67 at 3.]

In response to MCO's motion to dismiss, SFU concedes that it does not have a sufficiently developed factual basis on which to sue MCO on Count I, and moves to voluntarily dismiss that count as to MCO. [DE 64 at 18.]  Asking to voluntarily dismiss one count against MCO in its response to the motion to dismiss is procedurally improper.  SFU has failed to file a separate motion to amend its complaint as required by N.D. Local Rule 7-1.  As such, the request to dismiss Count I against MCO without prejudice, made in SFU's response to the pending motion to dismiss, is denied.

Adding more to the confusion, SFU argues "[t]here are four paragraphs [56, 91,

100 and 124] in the FAC that may include a small possible scrivener's error" with respect to the defendants those claims are being brought against. [DE 64 at 18.] Again, this is super confusing as SFU proposes I could order each time SFU uses the term "Defendants" it shall be deemed to include MCO, or alternatively, SFU could file an amendment to the alleged scrivener's error. *Id.*

At this point, the simplest approach seems to be to grant MCO's motion for a more definite statement under Rule 12(e) and allow SFU one more time to amend the complaint. I agree with MCO that it is unclear which claims and prayers for relief are alleged directly against it. Every defendant deserves to know the allegations against it (not all three defendants generally), and in light of SFU's intent to dismiss one claim against MCO and its desire to fix other paragraphs in the complaint, the simplest route is to grant MCO's motion for a more definite statement and allow SFU to amend the complaint again. *See Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006) (granting a Rule 12(e) motion when the court was unable to ascertain which of the plaintiff's claims applied to each individual defendant, giving the defendants deficient notice of the allegations against them); *Dittmann v. Xerox Bus. Servs.*, LLC, 2:16-CV-16-PPS-PRC, 2016 WL 3421163, at *2 (N.D. Ind. June 22, 2016) (granting Rule 12(e) motion where plaintiff alleged the "Defendants" acted, but did "not specify whether he is alleging that all three Defendants performed that action or only two (or possibly one).").

I realize that amending the complaint again will moot McMahon's motion to

7

dismiss Counts III, IV, and V of the first amended complaint.  An amended complaint

becomes controlling once it is filed because the prior pleading is withdrawn by

operation of law.  *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see also Duda v. Bd.*

*of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).  I urge

SFU to take to heart McMahon's arguments in its motion that it has failed to meet the

minimum pleading requirements for Counts III and V imposed by Rule 9(b); that Count

IV fails because there is no allegation that defendants owed SFU a duty of care thus

there can be no breach of a fiduciary duty, and that Count V does not properly state a

claim for violation of Indiana Criminal Code § 35-43-5-3.5(a).  Candidly, these

arguments all seem pretty persuasive to me, and if SFU is going to file a second

amended complaint, it should re-evaluate the claims it wishes to bring and make sure it

satisfies the pleading requirements, including the stringent standard for pleading fraud.

## Conclusion

For the aforementioned reasons, Midwest Contract Operations, Inc.'s Motion for

a More Definite Statement [DE 57] is GRANTED and Plaintiff, Shorewood Forest

Utilities, Inc., is ORDERED to file a Second Amended Complaint including a more

definite statement as to which claims and allegations are levied against Midwest

Contract Operations, Inc., on or before **July 16, 2020.**  In this Second Amended

Complaint, Shorewood Forest shall specifically name the pertinent party in each

allegation instead of generally referring to "the Defendants" or "McMahon" and shall

indicate which claims it is bringing against each defendant.  It should also give as much

specificity as possible regarding the fraud claims.

Finally, the Motion to Dismiss filed by Defendants, McMahon Associates, Inc. and McMahon, Inc. [DE 59], is DENIED AS MOOT with leave to re-file, if necessary, after the Second Amended Complaint is filed.  Plaintiff should give serious thought to the merits of the counts for breach of fiduciary duty and deception in violation of Indiana Code § 35-43-5-3 and make sure it is stating viable claims in the Second Amended Complaint.

SO ORDERED.

ENTERED: July 2, 2020.

 /s/    Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT